**LAW OFFICES OF WILLIAM E. STAEHLE**
D. Scott Conchar
445 South Street, Suite 200
Morristown, NJ 07962-1938
(973) 631-7309
(855) 857-9822 fax
dconchar@travelers.com

**DAVIS WRIGHT TREMAINE LLP**
David A. Ernst (pro hac vice pending)
P. Andrew McStay, Jr. (pro hac vice pending)
1300 S.W. Fifth Avenue, Suite 2400
Portland, OR 97201
(503) 241-2300
(503) 778-5299 fax
daveernst@dwt.com
andymcstay@dwt.com

Attorneys for Defendant, Panera, LLC (erroneously pleaded as Panera Company a/k/a Panera Bread Company)

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELE LYNN and SCOTT LYNN,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>PANERA COMPANY (also known as PANERA BREAD COMPANY); PANERA, LLC; FRESH UNLIMITED, INC. d/b/a FRESHWAY FOODS, INC.; FENWICK GROUP LLC d/b/a PANERA BREAD; PANERA/PANERA BREAD OF PHILIPSBURG; ABC CORPORATION(S) 1-10 (fictitious entities); JOHN and JANE DOES 1-20 (fictitious names),<br><br>　　　　Defendants. | **CIVIL ACTION NO.: 3:18-cv-13102-BRM-TJB**<br><br><br>**PANERA, LLC'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant, Panera, LLC (erroneously pleaded as Panera Company a/k/a Panera Bread Company) ("Panera") answers plaintiffs Michele Lynn and Scott Lynn's Complaint as follows:

## PARTIES[1]

1. Panera is without sufficient information as to plaintiffs' citizenship to form a belief as to the truth and falsity of the allegations in paragraph 1 of the "Parties" section and on that basis deny them.

2. Panera admits that Panera Bread Company is a Delaware holding corporation, with its principal place of business in St. Louis, Missouri, but does not own or operate any stores in New Jersey.  Panera denies all remaining allegations, whether express or implied, in paragraph 2 of the "Parties" section.

3. Panera admits that Panera Bread Company is defendant Panera, LLC's sole member. Panera denies all remaining allegations, whether express or implied, in paragraph 3 of the "Parties" section.

4. Panera admits that defendant Fenwick Group is a franchisee of Panera Bread bakery/cafes in New Jersey, but denies that defendant Fenwick Group owns or operates the Philipsburg, New Jersey location.  Panera denies all remaining allegations, whether express or implied, in paragraph 4 of the "Parties" section.

5. Panera admits that the Panera Bread location at 1196 US Highway 22, Philipsburg, New Jersey, is owned and operated by defendant Panera, LLC.  Panera denies all remaining allegations, whether express or implied, in paragraph 5 of the "Parties" section.

6. Paragraph 6 of the "Parties" section is an internal definition to which no response is required.

7. Panera admits that defendant Panera, LLC owned and operated the Panera location in Philipsburg, New Jersey.  Panera denies all remaining allegations, whether express or implied, in paragraph 7 of the "Parties" section.

---

[1] Plaintiffs' complaint re-starts numbering with each section and count; Panera will number responses in sequence.

8. Panera admits that the Philipsburg, New Jersey location served food items that included salads containing leafy greens. Panera denies all remaining allegations, whether express or implied, in paragraph 8 of the "Parties" section.

9. Panera admits that defendant Fresh Unlimited, Inc. ("Freshway") is an Ohio corporation doing business in Sidney, Ohio. Panera denies all remaining allegations, whether express or implied, in paragraph 9 of the "Parties" section.

10. Panera admits that Freshway is a processor and distributor of various products, including leafy greens. Panera is without sufficient information to form a belief as to the truth and falsity of the remaining allegations in paragraph 10 of the "Parties" section and on that basis denies them.

11. Panera lacks sufficient information to form a belief as to the truth or falsity of allegations concerning fictitious or unknown persons or entities and on that basis denies the allegations in paragraphs 11–12 of the "Parties" section.

## GENERAL ALLEGATIONS

12. In response to paragraphs 1-12 of the "General Allegations" section, Panera admits that individuals may contract *E. coli* O157:H7, which in turn may lead to the development of various symptoms and, on rare occasions, hemolytic uremic syndrome (HUS). Panera denies all other allegations, whether express or implied, in paragraphs 1–12.

13. In response to paragraphs 13–17 of the "General Allegations" section, Panera admits that local, state, and federal public health agencies have undertaken an investigation of a multi-state outbreak of *E. coli* O157:H7 associated with romaine lettuce. Information released to the public as a result of this investigation is contained in writings that speak for themselves. Panera otherwise lacks sufficient information about current investigative efforts to form a belief as to the truth or falsity of the allegations in paragraphs 13–17 of the "General Allegations"

section and on that basis denies them.

14. Panera lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to plaintiff Michele Lynn's claimed injuries in paragraphs 18–35 of the "General Allegations" section and on that basis denies them.

## COUNT I – STRICT LIABILITY

15. Panera answers paragraph 1 of Count I as it did the allegations incorporated in it.

16. Panera denies the allegations and request for relief in paragraphs 2–7 of Count I.

## COUNT II – BREACH OF WARRANTY

17. Panera answers paragraph 1 of Count II as it did the allegations incorporated in it.

18. Panera denies the allegations and request for relief in paragraphs 2–6 of Count II.

## COUNT III – NEGLIGENCE AND NEGLIGENCE PER SE

19. Panera answers paragraph 1 of Count III as it did the allegations incorporated in it.

20. Panera denies the allegations and request for relief in paragraphs 2–8 of Count III.

## COUNT IV – PRODUCT LIABILITY CLAIMS

21. Panera answers paragraph 1 of Count IV as it did the allegations incorporated in it.

22. Panera denies the allegations and request for relief in paragraphs 2–8 of Count IV.

## COUNTS V TO XVI – CLAIMS AGAINST OTHER DEFENDANTS

23. Panera answers each paragraph 1 of Counts V to XVI as it did the allegations incorporated in that paragraph. Counts V to XVI are otherwise directed at other defendants and not Panera; accordingly, no response is required.

## COUNT XVII – PER QUOD

24. Panera answers paragraph 1 of Count XVII as it did the allegations incorporated

in it.

25. Panera lacks sufficient information to form a belief as to the truth or falsity of the allegations relating to plaintiff Scott Lynn's claimed injuries and request for relief in paragraphs 2–3 of Count XVII and on that basis denies them.

26. Unless expressly admitted herein, Panera denies each and every allegation, whether express or implied, in the Complaint.

27. Panera denies that plaintiffs are entitled to any of the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

28. Some or all of plaintiffs' claims may be barred for failure to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Compliance with Government Standards)

29. Panera complied with all applicable statutory and regulatory provisions and standards regarding the production, distribution, handling, and sale of food products.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

30. Plaintiffs' claims must be barred or reduced to the extent they failed, in whole or in part, to mitigate their damages, if any.

### FOURTH AFFIRMATIVE DEFENSE
### (Fault of Others)

31. Plaintiffs' claims are barred as the injuries or damages allegedly sustained by plaintiff, if any, were not caused by any acts or omissions of Panera.  Alternatively, any recovery should be apportioned among liable tortfeasors according to relative percentages of fault

## FIFTH AFFIRMATIVE DEFENSE
### (Collateral Source)

32. Any judgment must be reduced by any collateral source, including insurance, social security, workers' compensation, or employee benefit program.

## SIXTH AFFIRMATIVE DEFENSE
### (Setoff)

33. If plaintiffs are entitled to recover any medical expenses from Panera, which Panera specifically denies, plaintiffs are limited to the amount necessary to satisfy financial obligations to healthcare providers.

## SIXTH AFFIRMATIVE DEFENSE
### (Damages caps)

34. Plaintiffs' claims are barred, reduced, and/or limited by the applicable statutory and common law on limitations of awards, caps on recovery, and setoffs.

## SEVENTH AFFIRMATIVE DEFENSE
### (New Jersey Product Liability Act)

35. Panera claims, and is entitled to, all applicable rights, benefits, and immunities provided under the provisions of the New Jersey Product Liability Act, *N.J.S.A.* 2A:58C-1 *et seq*.

## EIGHTH AFFIRMATIVE DEFENSE
### (Improper Joinder/Wrong Party Named)

36. Plaintiffs mistakenly named Panera Company a/k/a Panera Bread Company as a defendant.  The proper entity is Panera, LLC, which owns and operates the store plaintiff Michele Lynn allegedly visited.  Panera Bread Company is a Delaware holding corporation that does not own or operate any New Jersey stores.  Panera Bread Company should be dismissed from this action.

37. Panera reserves all rights to amend and supplement these defenses, and to assert other available defenses, as additional information becomes available through discovery.

**WHEREFORE**, Panera requests judgment as follows:

A.  Dismissing plaintiffs' claims with prejudice;

B.  Awarding Panera its costs and disbursements;

C.  Granting Panera such other relief as the Court may deem just and proper.

**LAW OFFICES OF WILLIAM E. STAEHLE**

DATED this 29th day of August, 2018.

*D. Scott Conchar*
D. Scott Conchar (DC9259)
445 South Street, Suite 200
Morristown, NJ 07962-1938
E-mail:  dconchar@travelers.com
(973) 631-7309

David A. Ernst (pro hac vice pending)
P. Andrew McStay, Jr. (pro hac vice pending)
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, OR 97201
503-241-2300   FAX:  503-778-5299
daveernst@dwt.com
andymcstay@dwt.com

Attorneys for Defendant, Panera, LLC (erroneously pleaded as Panera Company a/k/a Panera Bread Company)